## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NATIONAL CONSUMER LAW CENTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 14-cv-12206-JGD |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) ) ) | |
| Defendant. | ) ) ) | |

## AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive, declaratory, and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff, National Consumer Law Center ("NCLC"), by Defendant, the United States Department of Education ("ED").

## JURISDICTION, VENUE, AND PARTIES

2.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3.      Venue lies in the District of Massachusetts pursuant to 28 U.S.C. § 552(a)(4)(B), which allows a FOIA plaintiff to bring suit in the district where it has its principal place of business.

4.      Plaintiff NCLC is a public-interest, non-profit, advocacy and research organization, incorporated in Massachusetts, where it has its principal place of business.  NCLC's primary mission is to use its expertise in consumer law to work for consumer justice and economic security for low-income people, the elderly, and other disadvantaged groups in the United States.

5.      As part of its mission, NCLC initiated and administers the Student Loan Borrower Assistance Project.  Along with providing resources and support to individual student loan borrowers, the Student Loan Borrower Assistance Project works to increase public understanding of student lending issues and to identify policy solutions that promote access to education, lessen student debt burdens, and make loan repayment more manageable.

6.      Defendant United States Department of Education is a cabinet-level federal agency, which is subject to FOIA pursuant to 5 U.S.C. § 551(a).

7.     Among other things, the ED (1) establishes policies related to federal education funding; (2) administers distribution of funds and monitors their use; (3) collects data and oversees research on America's schools; (4) identifies major issues in education and focuses national attention on them; and (5) enforces federal laws prohibiting discrimination in programs that receive federal funds.  *See* What We Do, United States Department of Education, *available at* http://www2.ed.gov/about/what-we-do.html.

## FACTUAL ALLEGATIONS

### The ED's Debt Collection Activities

8.     Pursuant to Title IV of the Higher Education Act of 1965, as amended, the ED provides billions of dollars in federal student loans to students and their families to help pay for higher education.  42 U.S.C. §§ 2751-2756b.

9.     As of September 2013, about one out of seven student loan borrowers had defaulted on his or her loan within three years of beginning repayment, and approximately $94 billion in outstanding federal student loans were in default.  *Federal Student Loans: Better Oversight Could Improve Defaulted Loan Rehabilitation*, GAO-14-256, G.A.O. Report to Congressional Requesters 1 (March 2014), *available at* http://www.gao.gov/products/GAO-14-256.

10.     The ED has entered contracts with private collection agencies ("PCAs") to recover defaulted student loan debt owed to the federal government.

11.     The ED pays PCAs "commissions" for amounts recovered from federal student loan debtors and "bonuses" based on performance results measured through "Competitive Performance and Continuous Surveillance" scores or "CPCS" scores.  *See generally FSA – Private Collection Agency (PCA) Service Area (SA) – Debt Collection*, *Request for Quotes*, United States Dep't of Educ., RFP No. ED-08-R-0052, May 29, 2008 ("May 2008 RFQ") at 23, *available at* https://www.myeddebt.com/partner/PCALabelActionviewDocument;jsessionid=654AB883546D FC551905D4B9FA73B5F6?fileName=PCA.RFQ.v1.4.052908.pdf&pageName=getPCAsolicitR eleased.

12.     CPCS scores are determined by a weighted average of amount collected, total accounts serviced, and total administrative resolutions by each PCA.

13.     According to a Request for Quotes issued by the ED in 2008, the CPCS system was designed to "incentivize all [PCA] contractors and to reward the contractors that provide the best performance under the task orders."  *See* May 2008 RFQ at 23.

### Plaintiff's Initial FOIA Requests and Defendant's Response

14.     On March 29, 2013, NCLC submitted a FOIA request to the ED asking for:

> (1) All documents (including memorandum, letters, communications, forms, reports, and other data) used to calculate the Competitive Performance and Continuous

Surveillance (CPCS) scores for each Private Collection Agency Contractor for Fiscal Year 2012, including documents and data submitted by each Private Collection Agency to the Department of Education.

(2) All documents, results, and calculations relating to the ranking of Private Collection Agency Contractors based upon CPCS standing and scores for Fiscal Year 2012, including but not limited to:

    a. The overall score awarded to each Private Collection Agency Contractor for every Performance Evaluation done in FY 2012;
    b. The number of points awarded to each Private Collection Agency Contractor in all categories for every Performance Evaluation done in FY 2012; and
    c. Each Private Collection Agency Contractor's ranking for every Performance Evaluation done in FY 2012.

(3) All memoranda, reports, and other documents indicating the amount of any bonuses and/or incentive fees paid to each Private Collection Agency Contractor based upon CPCS standing and scores or for any other reason in Fiscal Year 2012.

March 29, 2013 FOIA Request (Attached hereto as Exhibit 1).

15.    By letter dated August 2, 2013, Ms. Elise Cook of the ED's "FOIA Service Center" effectively denied Plaintiff's March 29, 2013 request.  *See* August 2, 2013 FOIA Response (Attached hereto as Exhibit 2).

16.    The ED asserted that the bulk of the information responsive to Plaintiff's request was exempted from FOIA's disclosure requirements because it was "commercial or financial information obtained from a person [that is] privileged or confidential," 5 U.S.C. § 552(b)(4) ("Exemption 4").  The ED also asserted that it could not disclose documents "indicating the amount of any bonuses and/or incentive fees" paid to collection agencies because the ED did not have access to any such documents or information.  *See* Exh. 2.

17.    Attached to the August 2, 2013 letter, the ED included a CD-ROM containing nine (9) folders.

18.    The first folder, titled "09302012 RFin66 National Summary Report," includes seventeen (17) fully redacted pages.  (Attached hereto as Exhibit 3).

19.    The remaining eight (8) folders appear to include information about the CPCS scores of PCA contractors over three-month periods in Fiscal Year 2012.  Each folder contains a single page document that includes a title and a grid.  The left column of each grid lists the names of PCAs, but the ED redacted all data regarding the PCAs' CPCS scores, rendering these eight documents incomprehensible and meaningless.  (Attached hereto as Exhibits 4-1 to 4-8).

20.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), the ED notified Plaintiff that it had 35 days to file an appeal within the agency.  *See* Exh. 2, *supra*.

**Plaintiff's Administrative Appeal and Exhaustion of Remedies**

21.     Pursuant to instructions on the ED's website, on September 4, 2013, NCLC transmitted its timely intra-agency appeal via email attachment addressed to EDFOIAappeals@ed.gov. *See* Sept. 4, 2013 Appeal (Attached hereto as Exhibit 5).

22.     On November 20, 2013, NCLC transmitted another email to the same address, EDFOIAappeals@ed.gov, to "follow-up" on the status of the September 4, 2013 appeal.  *See* November 20, 2013 Email (Attached hereto as Exhibit 6).

23.     NCLC has not received a response to either its September 4, 2013 appeal or its November 20, 2013 follow-up.

24.     FOIA prescribes that an agency "shall make a determination with respect to any appeal within twenty days after the receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(ii).

25.     As of the date of this Complaint, the ED has not notified Plaintiff whether the agency has made a determination with respect to Plaintiff's September 4, 2013 appeal.

26.     Because the ED's failure to respond to Plaintiff's appeal within twenty days after the receipt of the appeal amounts to a failure to "comply with the applicable time limit provisions" regarding intra-agency appeals, and the ED has failed to point to any exceptional circumstances justifying the delay, Plaintiff has exhausted its administrative remedies.  *See* 5 U.S.C. § 552(a)(6)(C)(i).

**COUNT I:**

**THE ED ILLEGALLY HAS WITHHELD DOCUMENTS FOR WHICH NO STATUTORY EXEMPTION EXISTS IN VIOLATION OF FOIA**

27.     NCLC repeats and incorporates by reference the previous allegations.

28.     By withholding and redacting the documents and information requested in NCLC's March 29, 2013 FOIA request, the ED has violated FOIA.

29.     Contrary to the ED's assertions in its August 2, 2013 denial, the ED has access to all of the information and documents requested in NCLC's March 29, 2013 FOIA request.

30.     Moreover, none of the documents or information requested in NCLC's March 29, 2013 FOIA request is subject to Exemption 4.

**PRAYERS FOR RELIEF**

WHEREFORE, the National Consumer Law Center respectfully requests this Honorable Court:

a. Enjoin the United States Department of Education from illegally withholding documents and information responsive to NCLC's March 29, 2013 FOIA request and September 4, 2013 appeal that are not subject to a lawful FOIA exemption as set forth in 5 U.S.C. § 552(b);

b. Declare that the ED has violated FOIA by failing to produce documents and information requested by NCLC in its March 29, 2013 FOIA request and September 4, 2013 appeal in accordance with the applicable statutory deadline;

c. Declare that the ED continues to violate FOIA by withholding documents responsive to NCLC's March 29, 2013 FOIA request and September 4, 2013 appeal;

d. Order the ED to turn over to Plaintiff the documents and information requested in NCLC's March 29, 2013 FOIA request and September 4, 2013 appeal;

e. Award NCLC its costs and reasonable attorney's fees in this action; and

f. Grant such other relief as the Court may deem just and proper.


Respectfully submitted,

By:   /s/  Stuart Rossman
      Stuart Rossman (MA Bar # 430640)
      David Seligman (*pro hac vice* to be filed)
      NATIONAL CONSUMER LAW CENTER
      7 Winthrop Sq.
      Boston, MA 02110
      617-542-8010 (telephone)
      srossman@nclc.org


Dated:  June 9, 2014